THE BEREAN FUNDAMENTAL CHURCH COUNCIL, INC.,
OPERATING THE CHRISTIAN SUPPLY CENTER, APPELLANT,
v. BOARD OF EQUALIZATION, COUNTY OF LANCASTER,
ET AL., APPELLEES.

183 N. W. 2d 750

Filed February 11, 1971. No. 37648.

Crosby, Pansing, Guenzel & Binning and Theodore L. Kessner, for appellant.

Paul L. Douglas, Floyd A. Sterns, and Robert R. Gibson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from an order denying the request of The Berean Fundamental Church Council, Inc., that the inventory and fixtures of its bookstore, Christian Supply Center, be declared tax exempt. We affirm.

The Berean Fundamental Church Council, Inc., hereinafter referred to as appellant, is a nonprofit corpora-

tion with its principal office in North Platte, Nebraska. Appellant owns the property of its 46 churches serving congregations in 7 states. It also owns four religious bookstores, denominated religious supply centers, including the Christian Supply Center, hereinafter referred to as Center, located in Lincoln, Nebraska. One of appellant's principal functions is the promotion of a conservative or fundamental approach to the theological gospels of Jesus Christ. It predicates its claim for exemption herein on its contention that Center is an essential part of the literature ministry of the church. In essence, appellant contends that the sale of its inventory is merely an incident of its primary and dominant purpose to supply its own members with proper religious philosophy, and to evangelize those of a different persuasion.

Center is essentially a religious bookstore, selling religious supplies and related items to churches, ministers, lay church leaders, and the general public. The ministers of appellant's denomination use Center to obtain religious materials and supplies. However, exhibit 4 indicates that Center regularly sells to at least 227 churches, embracing more than 17 different denominations. A large proportion of these churches would appear to be adherents of denominations embracing a much more liberal theological doctrine than that espoused by appellant.

Substantially all of the items Center offers for sale are available in a competing religious bookstore in Lincoln, Nebraska. The manager of Center, who is referred to as its minister of literature, is not an ordained minister and had no bookstore experience previous to his present position. Prior thereto, he was employed as a parts manager for a Ford dealer. The inventory of Center was acquired in 1967 for $25,000, with money borrowed for this purpose. The net profits from the operation of the business are used to pay the principal and interest on the money borrowed, and the evidence is

that any excess is and will be used to increase inventory.

Article VIII, section 2, Constitution of Nebraska, provides in part: "The Legislature by general law may exempt * * * property owned and used exclusively for educational, religious, charitable, or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user. * * * No property shall be exempt from taxation except as provided in the Constitution."

Pursuant to the grant of power, the Legislature has enacted section 77-202, R. S. Supp., 1969, which, so far as pertinent provides: "(1) The following property shall be exempt from taxes: * * * (c) Property owned and used exclusively for educational, religious, charitable, or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user."

The question presented is whether the property of Center is used exclusively for educational or religious purposes within the ambit of the constitutional grant. We hold that it is not. Statutes exempting property from taxation should be strictly construed, and one contending that his property is exempt must clearly show that he is within the exemption provided by statute. Todd v. County of Box Butte, 169 Neb. 311, 99 N. W. 2d 245. In Nebraska Conf. Assn. Seventh Day Adventists v. Board of Equalization, 179 Neb. 326, 138 N. W. 2d 455, we held: "The burden of proof is upon one claiming property to be exempt from taxation to establish that its predominate use is for one of the purposes set out in section 77-202, R. R. S. 1943."

Center sells educational and religious materials, not only to the adherents of appellant's religious philosophy but also to virtually every Christian denomination within its trade area, as well as to the general public. It puts out catalogues and advertises in newspapers and on the radio in its trade territory to promote the sale of its merchandise. The inventory maintained by Cen-

ter is available, at least by order, from regular commercial outlets. The fact that Center is handling materials of an educational or religious character does not bring it within the ambit of the constitutional grant of exemption. If that were so, every religious bookstore would be entitled to tax exemption.

Center is operating at a profit in direct competition with other bookstores handling educational and religious supplies. While the profit is used to pay off indebtedness and to increase inventory, Center is still a profit-making enterprise. Even if the time may arrive in the distant future when the profit might be available for religious purposes, the situation would not be changed. See Nebraska Conf. Assn. Seventh Day Adventists v. Board of Equalization, 179 Neb. 326, 138 N. W. 2d 455, in which we said: "* * * it is the exclusive use of property which determines its exempt character. It is the use of property as distinguished from the use of the income from the property that determines whether or not it is exempt from taxation."

Appellant urges that the dominant purpose of Center is to promote appellant's particular religious philosophy and to make available selected Christ-centered literature is an integral part of appellant's religious ministry. It urges that this court in the past has given a liberal construction to the terms "educational," "religious," and "charitable," which if followed herein would bring appellant within the statute. While our previous cases may not have limited these words to their strictest possible construction, we are required to apply a rule of strict construction to the statute. Todd v. County of Box Butte, 169 Neb. 311, 99 N. W. 2d 245.

Appellant had the burden of proving its right to the claimed tax exemption. It has not met that burden. The criteria is not what appellant is seeking to accomplish with its property, but rather what is actually done with that property that establishes the nature of its use. Primarily, Center's dominant purpose is to merchandise

religious materials for a profit. The making available of material embracing its particular theological doctrine is incidental to that dominant purpose. Center's fixtures are used to promote the sale of its inventory which is sold for profit in a competitive market. To hold that the exclusive use of Center's property is for educational or religious purposes would require us to close our eyes to the realities of the enterprise. To grant exemption herein would permit every religious-connected, profit-oriented business to avoid taxation while directly competing with like taxpaying enterprises. The evil inherent in so strained a construction, essentially the grant of an indirect subsidy, should be readily apparent.

Judgment affirmed.

AFFIRMED.